IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 241 |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| ROBERTO CARLOS SILVA LOPEZ | ) | |

**DEFENDANT ROBERTO CARLOS SILVA LOPEZ'S MOTION FOR AN ORDERREQUIRING THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION TO USE OTHER CRIMES, WRONGS OR ACTS EVIDENCE**

Defendant, ROBERTO CARLOS SILVA LOPEZ, by his attorney, GREGORY T. MITCHELL, moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(d)(2), and Federal Rules of Evidence 104(a) and (c), for an order requiring the government to give notice of its intention to utilize: (1) evidence of "other crimes, wrongs, or acts" of defendant SLIVA LOPEZ as that phrase is used in Federal Rule of Evidence 404 (b); and (2) evidence of "specific instances of conduct" of this defendant, as that phrase is used in Federal Rule of Evidence 608(b). In support of this motion, the following is provided.

After reviewing the pretrial discovery provided by the government, it appears that defendant SILVA LOPEZ, is potentially nothing more than a minor participant in the overall drug conspiracy, however, recorded conversations reflect at least two discussions where defendant SILVA LOPEZ appears to be "puffing" about being able to obtain "separately and from a different source" a larger quantity of drugs for the undercover buyer/ cooperating witness that all the other evidence tends to indicate he had no ability to produce. In fact, when the defendant SILVA LOPEZ's recorded conversations are

compared with the information provided by defendant SILVA LOPEZ in his post-arrest statement, the evidence of the degree of his alleged involvement and the information provided in his post-arrest statement varies significantly.  Accordingly, because of this conflicting evidence, defendant SILVA LOPEZ needs to know what evidence of "other crimes, wrongs, or acts" of defendant SLIVA LOPEZ the government intends to use at trial because it is the defendant's position that this "puffing" evidence is not admissible in regards to defendant's alleged participation in the charged conspiracy or to prove defendant's alleged degree of involvement. See *United States v. Hankton*, 2001 WL 893819 *4 (N.D.Ill., Manning J.) ("the purpose of this notice requirement is to reduce surprise and promote early resolution on the issues of admissibility").

In its initial response to defendants' general request for 404(b) evidence, the government acknowledged that it was required to provide the defendant "a statement of the general nature of any other-acts evidence to be offered",(Govt. Consolidated Response at 3) and that because the "government has already provided or made available , and is continuing to produce and make produce, the bulk of materials that will provide the basis for any 404(b) motion . . . two weeks notice before trial should be sufficient notice."  Govt. Consolidated Response at 4.   This notice however is insufficient.  See *United States v. Fassnacht*, 2002 WL 63423 * 7(N.D. Ill. Manning, J.) ("General statement in government's response is not sufficient enough to apprise defendants of the nature of [particular] other bad acts.")

In this case, because of conflicting and inconsistent evidence of defendant SILVA LOPEZ's alleged involvement and/or participation in the charged drug conspiracy, defendant is unable to formulate an appropriate defense strategy or to reasonably

anticipate what motions *in limine* should be prepared. Accordingly, defendant requests that the court order the government to provide the following specific information regarding defendant SILVA LOPEZ at least four weeks prior to trial:

    (i)　a description of what exact other crimes, wrongs, or acts defendant SILVA LOPEZ is alleged to have committed which the government contends is relevant ;

    (ii)　　a description of the conduct or statements of each participant in said other crimes, wrongs or acts;

    (iii)　　The document(s) which contain evidence of the alleged other crimes, wrongs, or acts that the government intends to use;

    (iv)　　A description of the issue or issues on which the government believes said other crimes, wrongs or acts evidence is relevant within Federal Rule of Evidence 404(b).

Respectfully submitted,

/s/Gregory T. Mitchell
Gregory T. Mitchell
Attorney for Defendant Roberto Carlos Silva Lopez


Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois  60430
(708) 799-9325
Attorney:  #37742