IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 241 |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| ROBERTO CARLOS SILVA LOPEZ | ) | |

**SURVEILLANCE DISCOVERY MOTION**

Defendant ROBERTO CARLOS SILVA LOPEZ, by counsel, GREGORY T. MITCHELL, requests this Honorable Court to order the United States to produce any an all information concerning electronic surveillance identifying defendant SILVA LOPEZ's participation in the alleged conspiracy, if such surveillance exists, the production of tapes and/or enhancement if inaudible, any written transcript of any audio/video recording; and any notes or logs made in conjunction with any electronic surveillance.

Respectfully submitted,

/s/Gregory T. Mitchell
Gregory T. Mitchell
Attorney for Roberto Carlos Silva Lopez
Defendant

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois  60430
(708) 799-9325
Attorney:  #37742

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 684 |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| KEVIN THOMAS, | ) | |

<u>KEVIN THOMAS' MOTION FOR DISCOVERY RULE 16</u>

Defendant KEVIN THOMAS, by counsel, GREGORY T. MITCHELL, pursuant to Rule 16 of the Federal Rules of Criminal Procedure requests discovery as follows:

1. Pursuant to Rule 16 a (1) A, the defendant requests disclosure of any statement of defendant. The accused requests the Court to order discovery consistent with Criminal Rule 16 a (1) A, and to order the government to provide <u>all</u> information contemplated by said rule.

2. Pursuant to Rule 16 a (1) B, the accused requests disclosure of defendant's prior record. The defendant requests the Court to order discovery consistent with Criminal Rule 16 a (1) B, and to order the government to provide <u>all</u> information contemplated by said rule.

3. Pursuant to Rule 16 a(1) C, the defendant requests disclosure of any documents and tangible objects that may be used at trial or in the preparation of any witnesses. The defendant requests the Court to order discovery consistent with Criminal Rule 16 a (1) C, and to order the government to provide <u>all</u> information contemplated by said rule.

4.      Pursuant to Rule 16 a (1) D, the defendant requests disclosure of any reports of examinations and tests.  The accused requests the Court to order discovery consistent with Criminal Rule 16 a (1) D, and to order the government to provide <u>all</u> information contemplated by said rule.

5.      Pursuant to Rule 16 a (1) E, the defendant request disclosure of any expert witnesses.  The defendant requests the Court to order discovery consistent with Criminal Rule 16 a (1) E, and to order the government to provide <u>all</u> information contemplated by said rule.

                                  Respectfully submitted,

                                  <u>/s/Gregory T. Mitchell</u>
                                  Gregory T. Mitchell
                                  Attorney for Kevin Thomas
                                  Defendant

Gregory T. Mitchell
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois  60430
(708) 799-9325
Attorney:  #37742

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 06 CR 684 |
| v. ) | Honorable Blanche M. Manning |
| ) | |
| KEVIN THOMAS, ) | |

<u>DEFENDANT KEVIN THOMAS' MOTION FOR DISCOVERY BRADY/GIGLIO</u>

Defendant KEVIN THOMAS, by counsel, GREGORY T. MITCHELL, requests that the Court order disclosure by the government of the following:

Any evidence or information known to or possessed by the government, including impeachment evidence or information which would tend to exculpate KEVIN THOMAS from any of the charged offenses, participation in the alleged conspiracy or which would tend to mitigate the possible punishment of KEVIN THOMAS.  This request includes, but is not limited to, evidence that tends to show that KEVIN THOMAS' role in the alleged conspiracy was that of a minor participant, period of his alleged participation, role in the conspiracy, or that KEVIN THOMAS was part of a separate conspiracy.

Any evidence of information known to or possessed by the government, all other law enforcement agencies' employees, which relates to the credibility of any person the government may call as a witness, including, but not limited to, promises made to such persons, compensation or expenses paid, or any consideration or assistance in any form given to the potential witness.  The information regarding compensation shall include

informants' expectation of benefits already received or to be received regardless of whether the government or its agents actually provided or intends to provide such benefits.

This request for information pertaining to informants includes a full and complete listing of all criminal conduct, whether charged or uncharged, of the informants as known to the government, including its agents in this case, the Chicago Police Department, and all other law enforcement agencies, before and after the events giving rise to the charges against KEVIN THOMAS. The raw data and the interpretive results of polygraph examinations administered to the informants.

*Brady v. Maryland*, 373 U.S. 83 (1963), establishes the defendant's right to the disclosure of evidence which would tend to exculpate him or reduce any penalty. *Brady*, 373 U.S. at 87-88. Neither *Brady* nor any later case permits the government to control the timing of disclosure. The evidence is due on demand. *Brady*, 373 U.S. at 87-88. Nondisclosure of evidence affecting credibility falls within the *Brady* rule. *Giglio v. United States*, 405 U.S. 150 (1972). The information requested regard in informants' criminal records and benefits they expect to receive all relate to credibility. Accordingly, the *Brady*, Giglio and informant information should be produced immediately.

Decisions by other courts have added to the weight of authority established by *Brady's* plain language. In *United States v. McVeigh*, 923 F. Supp. 1310, 1315 (D. Col. 1996), the court found that *Brady* obligations were not altered by the fact that the information was contained in witness statements or grand jury testimony. Because the purpose of the *Brady* duty of disclosure is to give a defendant a fair opportunity to prepare well in advance of trial, immediate disclosure was ordered.

        Respectfully submitted,


        /s/Gregory T. Mitchell
        Gregory T. Mitchell
        Attorney for Defendant Kevin Thomas

Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois  60430
(708) 799-9325
Attorney:  #37742

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 684 |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| KEVIN THOMAS, | ) | |

MOTION FOR IMMEDIATE PRE-TRIAL PRODUCTION
OF JENCK'S ACT MATERIAL

Defendant KEVIN THOMAS, by counsel, GREGORY T. MITCHELL, requests this Honorable Court for an order directing the government to produce all Jencks's Act materials regarding non-testifying witnesses.

WHEREFORE, the defendant respectfully requests this Honorable court enter an order directing the Government to produce all written statements or a complete and accurate summary of any oral statement of any individual the government has interviewed but will not be called as a witness four weeks before trial. The defendant requests that the Government remain under a continuing duty to tender such materials upon receipt.

Respectfully submitted,

/s/Gregory T. Mitchell
Gregory T. Mitchell
Attorney for Defendant Kevin Thomas

Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois 60430
(708) 799-9325
Attorney:  #37742

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 06 CR 684 |
| v. | ) | Honorable Blanche M. Manning |
| | ) | |
| KEVIN THOMAS, | ) | |

**DEFENDANT KEVIN THOMAS' MOTION FOR AN ORDER REQUIRING THE GOVERNMENT TO GIVE NOTICE OF ITS INTENTION TO USE OTHER CRIMES, WRONGS OR ACTS EVIDENCE**

Defendant, KEVIN THOMAS, by his attorney, GREGORY T. MITCHELL, moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(d)(2), and Federal Rules of Evidence 104(a) and (c), for an order requiring the government to give notice of its intention to utilize the following during its case-in-chief, during cross-examination or in its rebuttal case:

   1.   Evidence of "other crimes, wrongs, or acts" of the defendant, as that phrase is used in Federal Rule of Evidence 404 (b).

      (a)   In regard to said notice, the government should identify and describe:

         (i)   The dates, times, places and persons involved in said other crimes, wrongs, or acts;

         (ii)   The statements of each participant in said other crimes, wrongs or acts;

    (iii) The documents which contain evidence of other crimes, wrongs, or acts, including when the documents were prepared, who prepared the documents and who has possession of the documents;

    (iv) Copies of audio and/or video recordings of those crimes, wrongs, or acts; and

    (v) The issue or issues on which the government believes said other crimes, wrongs or acts evidence is relevant within Federal Rule of Evidence 404(b).

2. Evidence of "specific instances of conduct" of this defendant, as that phrase is used in Federal Rule of Evidence 608(b).

  (a) In regard to said notice, the government should identify and describe:

    (i) The dates, times, places and persons involved in said specific acts of misconduct;

    (ii) The statements of each participant in said specific acts of misconduct; and

    (iii) The documents which contain evidence of said specific acts of misconduct, including when the documents were prepared, who prepared the documents and who has possession of the documents.

3. For purposes of continuing disclosure and to put the government on specific notice, defendant requests this Court enter an order directing the government to

disclose the above requested information at least four weeks prior to trial to allow defendant an adequate opportunity to investigate and respond to this evidence.

                                              Respectfully submitted,

                                              /s/Gregory T. Mitchell
                                              Gregory T. Mitchell
                                              Attorney for Defendant Kevin Thomas

Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois 60430
(708) 799-9325
Attorney: #37742

Case 1:08-cr-00241 Document 81 Filed 09/08/2008 Page 11 of 11